**IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JOHN HARRISON and ADAM HARRISON**           **PLAINTIFFS**

**VS.**           **CIVIL ACTION NO.** 3:13CV546-HTW-LRA

**CITY OF RICHLAND, MISSISSIPPI;
POLICE CHIEF W.R. JAMES, officially
and in his individual capacity and OFFICER
JAMES CHATHAM, officially and in
his individual capacity, and JOHN
DOES 1-10, also in their official
and individual capacities**           **DEFENDANTS**

---

**COMPLAINT
THE PLAINTIFFS DEMANDS A TRIAL BY JURY**

---

**COMES NOW**, the Plaintiffs, John Harrison and Adam Harrison, in the above styled and numbered civil action, by and through their counsel of record, Daniel D. Ware, aver and give notice of the following:

---

**PARTIES**

---

1.    The Plaintiffs are Mississippi residents residing in the City of Richland, Rankin County, Mississippi.

2.    Defendant City of Richland, Mississippi, is a governmental entity of the state of Mississippi, and may be served with process through its agent for service of process, Melinda Quick, City Clerk, in Richland, Mississippi.

1

3.     Defendant, Police Chief W.R. James, is the Police Chief of Richland, Mississippi, and may be served with process at his place of employment, Richland, Mississippi.

4.     Defendant, Police Officer James Chatham, is a police officer in the City of Richland, Mississippi, who may be served with process at his place of employment, Richland, Mississippi.

5.     Defendants John Does 1-10 are police officers and city employees of the City of Richland, Mississippi, who may be joined as Defendants in this action, and who may be served with process according to court rules.  Plaintiffs reserve the right to identify or change the identity of these additional Defendants based upon discovery.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action because it arises under the laws of the United State, specifically 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the district.

## STATEMENT OF FACTS

8.   In 2007, Plaintiff, John Harrison purchased a German Shepherd dog from Bridges Best in Prentiss, Mississippi, for him and his son, Plaintiff, Adam Harrison.  They named the dog Roskoe, sometimes referred to by other people as Roscoe.  His unique ID number was CAR00007095.

9.   Roskoe lived with Plaintiffs, and he became just as a family member and sharing love and affection with the family and their friends.

10.   Roskoe lived inside the house and had obedience training.  He was a large dog but never bit anyone nor had an aggressive tendencies.

11.   Roskoe would go into the front yard to relieve himself and then return into the home.

12.   On August 24, 2011, approximately 8:30 p.m., Plaintiff Adam and some friends were at their home in Richland, Mississippi.  Roskoe was there with them sitting in front of the carport door.

13.   A young girl, Emily Stevens, in the neighborhood had called about some dog running in the street; however, she could not identify the dog with certainty.

14.   Richland Police Officer James Chatham along with other officers

knocked on Plaintiffs' front door.

15. The officers had no arrest warrants or other probable cause to be at the Plaintiffs' home.  It is unknown as to why the police went directly to Plaintiffs' house.

16. Adam came to the carport door and opened the door to see who was there.

17. Adam witnessed one officer at the front door and three officers in the driveway with guns drawn spot lighting Roskoe while he was sitting under the carport in front of the door trying to gain entrance into the house.

18. With all the commotion, Roskoe then ran into the yard.

19. Officer Chatham had his gun drawn in total disregard of the fact that Adam and his friends were in the area and savagely and maliciously shot Roskoe in the Plaintiffs' own front yard.  The dog then retreated back into the house.

20. It was clear that Defendant Chatham was determined to use force without provocation.  Prior to the shooting, Defendant Chatham did not attempt to subdue the dog with his mace and had left his nightstick in his police car.  Additionally, Defendant Chatham did not call for the animal control official to come to the scene even though he was more trained than Defendant Chatham in these

4

situations.

21.  Adam and his friends understandably became very upset as Roskoe laid on the kitchen floor bleeding and suffering.

22.  Adam requested that he be allowed to take Roskoe to the veterinarian; however, the officers to include Chatham refused Plaintiff's request to seek medical treatment for Roskoe.  The officers told him that he would be arrested if he did not comply with their commands.  One officer placed a gun at Adam's head and instructed to shut up.   All the while Roskoe, still was alive and suffering needlessly on the kitchen floor.

23.  During this time, Adam called his dad, John, to explain what happened.  Plaintiff, John, was at his place of employment and left with the intentions of coming home.

24.  Other Richland Police Officers arrived during this time to the house.  Adam was unable to take Roskoe for medical treatment due to the unknown detention from the officers.  No justifiable reason was given as to why he could not leave.

25.  One of the officers stated that animal control officer, was close by and coming to take the dog to the veterinarian.

26.  After approximately a forty-five minute wait, the animal control officer never showed up.  At that time one of the officers went to

get the animal control transport truck.

27. During this time, Adam continued to beg the officers to allow him to take his dog to the veterinarian.

28. The officer returned with the truck, placing Roskoe into the back of the truck and transported him to Flowood, a 24 hour veterinarian clinic.

29. Adam was again detained by another officer for unknown purposes preventing him from following the truck to the clinic.

30. Afterward, Adam and one of his friends was finally allowed to leave home, they drove to the veterinarian office were he found Roskoe dead on the transport truck's tailgate.

31. The veterinarian clinic required payment for the after hour's office visit.

32. At this time, John met Adam at the veterinarian clinic and saw that his family pet was dead. Plaintiffs then paid for cremation of their dog.

33. There were no citations issued to anyone at Plaintiffs' house that night.

34. Adam, who witnessed the shooting within the zone of danger and/or line of fire, was seriously emotionally distressed by the incident.

35.    Both Adam and John came home see Roskoe's blood on the kitchen floor.  Both were seriously emotionally distressed by the incident.

36.    Afterward, Plaintiff John Harrison demanded that the Richland Police Department explain their actions.  After a few hours of review, the defendant stated their officers did nothing wrong.

37.    Plaintiffs were left with no explanation and only a veterinarian bill from Roskoe's death.

## COUNT I

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

38.    The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs.

39.    As set forth throughout the complaint as stated, Defendants City of Richland, and, Police Chief W.R. James, in concert, have a careless and reckless customary policy of allowing the employees of the Richland Police Department to confront canines, without any informed training or guiding policies and procedures, or alternatively, unconscious or reckless disregard for any informed training or policies and procedures, and in such a way to cause the destruction of citizen's canine pets without lawful justification or any threat of subsequent discipline.

40.   The conduct of the Defendants violated Plaintiffs' rights by
      destruction of their property and by interference with Plaintiffs'
      exercise and enjoyment of rights secured by the Constitution and
      laws of the United States, including Due Process and 42 U.S.C. §
      1983.

41.   Defendants City of Richland and the Police Chief have careless and
      reckless customary policy of allowing the employees of the City of
      Richland Police Department to confront canines, with the attitude
      that they are expendable and not entitled to live, in such a way as
      to cause the destruction of citizen's canine pets without lawful
      justification.

42.   These policies allow, condone, ratify, and afford the reckless,
      careless and erroneous confrontation with domestic canines found
      at someone's home, and thereby acquiesce to incompetent,
      unqualified, unskilled, and inexperienced personnel to handle
      animals, as canines, when called upon to confront them while the
      officers are on the job, so as to make mistakes or act willfully,
      wantonly and/or recklessly so that they cause the death of citizen's
      canine pets.

43.   Defendants, both individually and by and through their agents and
      employee, acting under color of statutes, ordinances, regulations,

8

custom and usage, subjected, and/or caused Plaintiffs to be subjected to a violation of those Rights, Privileges, and Immunities secured by the Constitution and laws of the United States.

44.    Defendants are persons and/or entities who, under color of the laws of the City of Richland, State of Mississippi and the United States, have authority to impound or otherwise confine animals and canines and to keep them until redeemed or otherwise properly taken care of.

45.    Defendants subjected Plaintiffs and caused them to be subjected to a deprivation of their Rights, Privileges and Immunities provide by the United States and Mississippi Constitution and the laws of the United States by injuring, destroying and killing Plaintiffs' dog, Roskoe, in violation of Due Process and the Search and Seizure laws, without notice and opportunity to be heard, and without lawful authority, in direct violation of the owners' freedom to keep personal property without the unlawful taking of such property.

46.    Defendants by their conduct in committing the acts and omission complained of therein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts, including as follows:

    a.    Without any warning, discharging a firearm in a resident's

home with people in the zone of danger in which one is shooting without due cause, provocation, or justification;

b.    Shooting, injuring and killing "Roskoe" without due cause, provocation, or justification;

c.    Failing to seize or detain "Roskoe" or utilize non-violent measures to otherwise restrain "Roskoe";

d.    Failing to allow Plaintiffs to take measures to gain control of "Roskoe";

e.    Failing to instruct, train, supervise, control and discipline, on a continuing basis, Defendant Chatham and other police officers in the City of Richland in their duties to refrain from unlawfully and maliciously destroying the dogs of citizens in the City of Richland;

f.    Failing to instruct, train, supervise, control and discipline, on a continuing basis, Defendant Chatham and other police officers in the City of Richland in their duty to refrain from using excessive force in the performance of their duties when interacting with the citizens of the City of Richland;

g.    Failing to properly train the agents and/or employees of the City of Richland Police Department regarding restraining and capturing canines;

h.   Failing to properly train the agents and/or employees of the City of Richland Police Department regarding the use of firearms in a residential home;

i.   Failing to properly supervise the employees of the City of Richland Police Department, including but not limited to Defendant Chatham;

j.   Failing to properly investigate the use of deadly force, including the instant action, thereby furthering the likelihood that it will occur again;

k.   Retaining Defendant Chatham as a Police after report of this incident and not terminating and/or reprimanding him;

l.   Entrusting Defendant Chatham with a firearm;

m.   Failing to properly supervise the training, instruction, discipline, conduct and conduct of police officers, like Defendant Chatham;

n.   Failing to properly promulgate orders, rules, instructions, and regulation of the City of Richland Police Department, including but not limited to, those orders, rules, instructions and regulations concerning the use of force and deadly weapons and/or handling, restraining and/or canines;

o.   Improperly approving the weapons to be used by members

11

of the City of Richland Police Department, including those used by Defendant Chatham;

p.  Failing to properly control the manner in which the employees and/or agents of the City of Richland Police Department carried out the objectives of their employment;

q.  Failing to see that all orders, rules, policies, instructions, and regulations, promulgated for the City of Richland Police Department were consistent with the State and Federal Constitutions, and statues, ordinances and regulations of the United States, State of Mississippi and the City of Richland;

r.  Failing to use due care under the circumstances;

s.  Any and all other acts or omissions continuing negligence, carelessness and/or recklessness as may appear during the course of discovery procedures.

---

## COUNT II

## VIOLATION OF PLAINTIFFS' SUBSTANTIVE DUE PROCESS RIGHTS

---

47.  The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs.

48.  Defendants deprived Plaintiffs of their property without due process of law, thereby depriving Plaintiffs of their rights, privileges and

immunities as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the State of Mississippi.

49.     Defendants committed their actions with a callous and deliberate indifference and in a reckless a manner which shocks the conscience of a civilized society.  Despite the fact that Plaintiff Adam Harrison and other were presented on the scene at his home on his property, Defendant Chatham ignored him and treated him complete and total lack of respect and dignity.

50.     Defendant Chatham physical actions made it clear that he believed he could do whatever he desired.  He assumed he could just arbitrarily shoot to kill a family pet at the family home doing nothing wrong while one of the owners was nearby and was deprived of the opportunity to detain and control his dog.

51.     The conduct of the Defendants was egregious, oppressive and constituted excessive and brutal use of physical force in contravention of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Mississippi.

52.     Defendants acted willful, wanton and in reckless disregard of and indifference to the Plaintiffs' Constitutional right to be free from the arbitrary exercise of the powers of government.  The acts of the Defendants were committed unlawfully, intentionally, maliciously

and arbitrarily thereby violation the due process protection of life, liberty and property.

53.    There was no need for the application of force because Defendant Chatham was not under attack.  Moreover, Defendant Chatham had a nightstick in his car and mace with him.  Even if some restraint for Roskoe was needed, which it was not, the nightstick and mace would have sufficed.  Instead, he decided to just kill Roskoe.

54.    Plaintiffs and Roskoe had done nothing wrong and there was no reason for Defendant Chatham to use the force that he did.  His actions were a raw abuse of governmental power and were done maliciously and sadistically for the very purpose of causing harm.

55.    As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiffs have suffered actual, special and compensatory damages.

56.    Defendants, and each of them, by their conduct in committing the acts and omission complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

## COUNT III

## VIOLATION OF PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

57.    Plaintiffs hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs.

58.    Defendants deprived Plaintiffs of their property without due process of law thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the State of Mississippi.

59.    Plaintiffs had a strong private interest in their Roskoe.  He had been a member of the family for four (4) years.

60.    Defendant Chatham killed Roskoe despite that Roskoe was not an immediate threat to him.  The procedures used whereby Defendant Chatman was free to act in a high-handed Draconian, arbitrary manner when using his discretion to kill Roskoe created a situation where improper destruction of Roskoe was possible and did occur.

61.    Moreover, there were no exigent circumstances that vitiated the need for proper procedures, such as calling for animal control. Defendant Chatham acted with reckless and deliberate indifference when he refused to apply appropriate procedural safeguards.

62.   The conduct of Defendant Chatham was egregious, oppressive, and constitutes excessive and brutal use of physical force when a non-violent resolution of the situation was available through the use of proper procedures.  Defendant Chatham acted with willful, wanton and reckless disregard of, and deliberate indifference to, Plaintiffs' constitutional guaranteed right to due process.

63.   The fatal shooting of Plaintiffs' pet dog Roskoe was an abuse of power by Defendants and each of them.   Such power and authority was propounded by policy making officials and delegated to Defendants pursuant to the City of Richland Police Department polices, both written and unwritten, which granted broad authority to affect the destruction of Plaintiffs' family pet without procedural due process safeguards.

64.   As a direct and proximate result of the acts and omission of Defendants, and each of them, Plaintiffs have suffered actual, special and compensatory damages.

65.   Defendants, and each of them, by their conduct in committing the acts and omission complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

## COUNT IV

## VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS

66.   Plaintiffs hereby incorporate by reference and re-allege the
information set forth in the forgoing paragraphs.

67.   Defendants abuse their power and engaged in an excessive use of
force in violation of the Fourth Amendment to the Constitutions of
both the United States and the State of Mississippi.

68.   The Fourth Amendment provides that "[t]he right of the people to
be secure in their person, houses, paper, and effects, against
unreasonable searches and seizure, shall not be violated,.."

69.   Defendants engaged in an unreasonable, unconstitutional, seizure
of Roskoe when Defendant Chatham gunned him down despite the
officer knowing whose dog belonged to.

70.   The Plaintiffs' "right to be secure" from arbitrary seizure such as
killing their pet was totally disregarded by Defendant Chatham.
Defendants engaged in the type of high-handed, Draconian,
arbitrary manner that the Fourth Amendment was intended to
protect against.

71.   Considering the totality of the circumstances, Defendant Chatham's
actions were not objectively reasonable.  There was no need for

17

the application of force because Defendant Chatham was not under attack.

72. Plaintiffs and Roskoe had done nothing wrong and there was no reason Defendant Chatham to use the force that he did.  His actions were not objectively reasonable and constituted the use of excessive force in violation of the Fourth Amendment to the Constitution of the United States and the State of Mississippi.

73. As a direct and proximate result of the acts and omission of Defendants, and each of them, Plaintiffs have suffered actual, special and compensatory damages.

74. Defendants, and each of them, by their conduct in committing the acts and omission complained of therein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

## COUNT V

### DAMAGES

75. The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

76. As a direct and proximate result of the actions of these Defendants, Plaintiffs are entitled to damages in an amount to be determined at

the trial of this action.  As a result of the violations of Plaintiffs'
constitutional rights, Plaintiffs suffered the following injuries and
damages:

a.      Loss of beloved property and all of the improvements and
        training and upkeep on Roskoe;

b.      Veterinarian expenses;

c.      Cremation expenses;

d.      Loss of companionship; and,

e.      Mental and emotion distress.

## COUNT VI

## PUNITIVE DAMAGES

77.   The Plaintiffs hereby incorporate by reference and re-allege the
      information set forth in the foregoing paragraphs.

78.   The actions or inactions of Defendants, namely the fact that, in
      total disregard for the seriousness of the use of deadly force and in
      violation of Plaintiffs' constitutional right, the officer removed his
      firearm and, without any attempt to subdue or control Roskoe
      and/or without taking any non or less intrusive or forceful
      alternative actions available, shoot Roskoe and fail to allow Plaintiff
      to seek attention for his family pet.  By its nature, Defendants

actions were outrages, willful, wanton and in reckless disregard to plaintiffs' right and are society's understanding of civility as to entitle Plaintiffs to punitive and/or exemplary damages, especially considering the failure to discipline said action in any way, thereby acquiescing to it.

79.   The Defendant organizations actions and inactions began before the instant actions were taken by Defendant Chatham by recklessly and in total disregard for anyone's rights, failing to instruct, train, supervise, control and discipline, on a continuing basis, Defendant Chatham and other police officers in the City of Richland in their duties to refrain from unlawfully and maliciously destroying the dogs of citizen in the City of Richland; recklessly failing to instruct, train, supervise, control and discipline, on a continuing basis, Defendant Chatham and other police officers in the City of Richland in their duty to refrain from using excessive force in the performance of their duties when interacting with the citizen of the City of Richland; recklessly failing to property train the agents and/or employees of the City of Richland Police Department regarding restraining a capturing canines; recklessly failing to properly train the agents and /or employees of the City of Richland Police Department regarding the use of firearms at a residential

home; recklessly failing to properly supervise the employees of the

City of Richland Police Department, including but limited to

Defendant Chatham; recklessly failing to properly investigate the

use of deadly force, including the instance action, thereby

furthering the likelihood that it will occur again; recklessly retaining

Defendant Chatham without reprimand or termination for this

incident; recklessly failing to properly supervise the training,

instruction, discipline, control and conduct of police officers, like

Defendant Chatham; and recklessly failing to properly promulgate

orders, rules, instruction, and regulations of the City of Richland

Police Department, including but not limited to, those orders, rules,

instructions and regulations concerning the use of force and deadly

weapons and/or handling, restraining and /or capturing of canines;

and recklessly approving the weapons to be used by members of

the City of Richland Police Department; recklessly failing to properly

control the manner in which the employees and/or agents of the

City of Richland Police Department carried out the objective of their

employment; and recklessly failing to see that all orders, rules,

policies, instructions, and regulation promulgated for the City of

Richland Police Department were consistent with the State and

Federal Constitutions, and statutes, ordinances and regulations of

21

the United States, State of Mississippi and City of Richland.

## ATTORNEY'S FEES

80.     Plaintiffs are entitled to an award of attorney fees and cost under

42 U.S.C. §1988(b).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray and demand

judgment in their favor and against Defendants for compensatory and special

damages, as well as punitive damages, as set forth above in the amount to be

determined by a jury, together with interest, costs and attorney's fee to the

extent allowed by law, and any other relief the Court deems just and

appropriate.

THIS the 6th day of September, 2013.

Respectfully submitted,

**JOHN HARRISON & ADAM HARRISON**

Daniel D. Ware, Their Attorney

Daniel D. Ware (MSB #10847)
Ware Law Firm PLLC
2609 Hwy 49 S
Florence, Mississippi 39073
Telephone - (601) 845-9273
Facsimile - (601) 845-0749
dware@warelawfirm.com